UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN JAVIER MATUTE PADILLA (A-242-169-368), Petitioner, v. CHRISTOPHER CHESTNUT, et al., Respondents. | No. 1:26-cv-6664 TLN CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Marvin Javier Matute Padilla (A-242-169-368), a native and citizen of Honduras who is proceeding without counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] This habeas action concerns petitioner's detention by immigration authorities. For the reasons that follow, the Court recommends granting the petition for writ of habeas corpus and that petitioner receive a bond hearing.

## I. BACKGROUND

Petitioner is a native and citizen of Honduras. (ECF No. 8-2 at 1.) Petitioner entered the United States on an unknown date at an unknown time. (Id.) On July 13, 2026, petitioner was arrested for driving under the influence by the Orlando, Florida Police Department and booked in

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

the Orange County Jail.[2] (ECF No. 8-1 at 2; ECF No. 8-4 at 8.) On or around July 16, 2026, petitioner was transferred from the custody of the Orange County Jail to U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 8-1 at 2; ECF No. 8-5 at 1.) On July 17, 2026, petitioner was issued a Notice to Appear in Immigration and Nationality Act ("INA") section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[3] (ECF No. 8-2.) The Notice to Appear charged petitioner with violating INA section 212(a)(7)(A)(i)(l), 8 U.S.C. § 1182(a)(7)(A)(i)(l), as an immigrant without a valid entry document, and INA section 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled or who arrived in the United States at any time or place other than as designated by the Attorney General. (Id. at 4.) Following his initial custody determination, petitioner was asked if he requested review of the custody determination, and petitioner checked the box on the Form I-286 indicating that he did "not request an immigration judge review of this custody determination." (ECF No. 8-5.)

## II. PROCEDURAL BACKGROUND

On August 21, 2026, petitioner filed his petition for writ of habeas corpus. (ECF No. 1.) On August 24, 2026, the district court referred this action to the assigned magistrate judge. (ECF No. 4.) On September 1, 2026, respondents filed a timely opposition. (ECF No. 8.) On October 1, 2026, this Court granted petitioner a thirty day extension of time to file a traverse. (ECF No. 19.) On October 2, 2026, petitioner filed a traverse. (ECF No. 20.) Briefing is complete.

---

2 In the opposition, respondents identify additional encounters petitioner had with law enforcement. On April 22, 2018, petitioner was arrested for operating a moving vehicle without a valid license in violation of Florida Statute 322.03.1. (ECF No. 8-4 at 5.) The rap sheet does not indicate the disposition for this offense. (Id. at 5.) On August 5, 2021, petitioner was arrested for misdemeanor battery in violation of Florida Statute 784.03.1a1. (Id.) This charge was dropped/abandoned. (Id. at 6.) On November 25, 2025, petitioner was arrested for discharge of a weapon in public in violation of Florida Statute 790.15.1 (misdemeanor) and use of a firearm under the influence of alcohol in violation of Florida Statute 790.151 (misdemeanor). (Id.) The charge for use of a firearm while under the influence of alcohol was dismissed by nolle prosequi. (Id. at 7.) The disposition for the charge of discharge of a firearm in public was "adjudication withheld." (Id. at 8.)

3 Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

On September 21, 2026 and September 29, 2026, petitioner filed motions for appointment of counsel. (ECF Nos. 9, 15, 16.)

**III. LEGAL STANDARDS**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**IV. DISCUSSION**

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). The petition raises four claims for relief. In claim one, petitioner claims violation of the INA, citing 8 U.S.C. § 1231. (ECF No. 1 at 6.) In claim two, petitioner claims violation of the Fifth, Sixth and Eighth Amendments. (Id. at 7.) In claim three, petitioner raises a due process claim. (Id.) In claim four, petitioner raises a double jeopardy claim. (Id.) Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes claim one as raising a statutory claim under 8 U.S.C. § 1226(a). In the opposition, respondents appear to have construed the petition to raise a claim under 8 U.S.C. § 1226(a). (See ECF No. 8) Therefore, there is no prejudice to respondents in the Court's construction. Respondents concede that petitioner is detained under 8 U.S.C. § 1226(a) and argue that his detention satisfies due process where section 1226(a) provides procedural protections. (Id. at 2.) Respondents further argue that petitioner should be required to

request a bond hearing. (Id. at 2, 3.)

**A. Claim One: 8 U.S.C. § 1226(a)**

In Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026), the Ninth Circuit concluded that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." 183 F.4th at 1165. The majority of courts nationwide agree with this interpretation of Sections 1225 and 1226. See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful."); Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

Because petitioner is detained under § 1226(a), petitioner was entitled to a bond hearing. "Federal regulations provide that [noncitizens] detained under § 1226(a) receive bond hearings at the outset of detention." Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. § 236.1(d)(1)). However, as noted above, petitioner neither requested nor was denied a bond

hearing at the outset of his detention. (ECF No. 8-5 at 1 (Form I-286).) Because petitioner now requests the bond hearing to which he was entitled at the time of his initial detention, which he has not received, this Court recommends that the petition be granted and that petitioner receive a bond hearing.[4] Respondents do not dispute that the appropriate relief in this case is a bond hearing. (ECF No. 8 at 3.) The Court further concludes that the appropriate burden of proof at this initial bond hearing is on petitioner where there was no prior release and in the absence of a prolonged detention finding. See J.S. v. Wofford, 2026 WL 125258, at *8 (E.D. Cal. Jan. 16, 2026); 8 C.F.R. § 236.1(d)(1), 1003.19; Rodriguez Diaz v. Garland, 53 F.4th 1189, 1197 (9th Cir. 2022) (citing 8 C.F.R. §§ 236.1(d)(1), 100.19). At this hearing, "[p]etitioner bears the burden of establishing that he is not a risk of flight or danger to the community." J.S. v. Wofford, 2026 WL 297304, at *2 (E.D. Cal. Feb. 4, 2026) (where petitioner not previously released by immigration authorities or subject to prolonged detention, granting bond hearing where petitioner bears burden of proof.)

## V. PETITIONER'S REMAINING CLAIMS

Because the Court recommends granting the petition on the statutory claim (claim one), the Court need not address the additional claims raised in the petition. See N.K. v. Noem, 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to the second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release.").

---

[4] In the opposition, respondents argue that petitioner should be "required to request a bond hearing before the Immigration Court." (ECF No. 8 at 2, 3.) To the extent respondents suggest that petitioner should be required to exhaust administrative remedies, respondents cite no authority in support of this argument. (See id.) For this reason, this Court will not further address this unsupported argument. See also Chateauneuf v. Chestnut, No. 1:26-cv-1073 DC JDP, 2026 WL 523695, at *3 (E.D. Cal. Feb. 25, 2026) ("Here, the court will waive the prudential exhaustion requirement because the relief that the court will grant by this order—a hearing in front of an immigration judge at which Petitioner's eligibility for bond must be considered—is precisely the relief that prudential exhaustion would require.").

## VI. PETITIONER'S MOTIONS FOR APPOINTMENT OF COUNSEL

Petitioner filed three motions for appointment of counsel. (ECF Nos. 9, 15, 16.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. Because the Court recommends that the petition be granted, petitioner's motions for appointment of counsel are denied without prejudice.

## VII. CONCLUSION

In summary, the Court recommends that the petition for writ of habeas corpus be granted as to claim one.

On September 21, 2026, petitioner filed a notice of change of address stating that his new address is in Orlando, Florida. (ECF No. 13.) The court docket reflects the Orlando, Florida address as petitioner's address of record. (See Docket.) All of petitioner's recent filings indicate that petitioner is housed in the California City Immigration Processing Center. For this reason, this Court will direct the Clerk of the Court to serve these findings and recommendations on petitioner at his address of record and the California City Immigration Processing Center.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motions for appointment of counsel (ECF Nos. 9, 15, 16) are denied without prejudice.

2. The Clerk of the Court is directed to serve these findings and recommendations on petitioner at his address of record and also at the following address: Martin Javier Matute Padilla, A-242-169-368, California City Immigration Processing Center, P.O. Box 2513, 22844 Virginia Boulevard, California City, CA, 93505.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED as to claim one.
2. Respondents be ordered to provide petitioner Marvin Javier Matute Padilla (A-242-169-368) with a bond hearing before an immigration judge/neutral decisionmaker within **fourteen (14) days** of the adoption of these findings and recommendations

where petitioner has the burden to demonstrate that he is not a flight risk or danger to the community. Respondents must provide petitioner with at least **seven (7) days'** notice before the bond hearing. If petitioner is granted release on bond, respondents shall return all of petitioner's documents and possessions to petitioner at the time of release. If a bond hearing is not held within 14 days, petitioner shall be immediately released.

3. Given petitioner's pro se status, respondents be directed to file, **within seven days** of the adoption of these findings and recommendations, a status report addressing petitioner's status.
4. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 7, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Padi6664.imm.157.BOND/2